NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-688

MAC NORMAND

VERSUS

VILLAGE OF HESSMER

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2006-9329-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

REVERSED.

Dan B. McKay Jr.
Office of the City Attorney
P. O. Box 720
Bunkie, LA 71322
(318) 346-2336
Counsel for Defendant/Appellant:
    Village of Hessmer

Ricky L. Sooter
Provosty, Sadler, DeLaunay, Fiorenza & Sobel
P. O. Drawer 1791
Alexandria,, LA 71309-1791
(318) 445-3631
Counsel for Defendant/Appellant:
    Village of Hessmer

**Benjamin A. Luke**
**Attorney at Law**
**P. O. Box 427**
**Marksville, LA 71351**
**(318) 253-6565**
**Counsel for Plaintiff/Appellee:**
**Mac Normand**

**DECUIR, Judge.**

The Village of Hessmer appeals a judgment of the trial court finding it in contempt for violation of a preliminary injunction of the court.

## FACTS

In January 2006, Mac Normand, a licensed contractor, applied for and received six building permits for construction of one story brick houses with metal roofs on property purportedly owned by he and his children on Main Street in the Village of Hessmer. Contrary to the declaration on the permits, all the property was in fact owned by Normand, though he expressed an intent to divide it among his children. The property lies in between the homes of the Mayor of Hessmer, Lynn Bordelon, and his father.

Construction on the houses started in April 2006. Upon realizing that Normand was constructing several homes on a single piece of property without receiving the appropriate approval for a subdivision, the Village sent a letter advising Normand to cease construction.

On May 10, 2006, Normand applied for fifteen additional building permits involving other property. The application was denied, and Normand was informed that a temporary moratorium on the issuance of permits was in effect while the Village revised the requirements. On May 15, 2006, Normand sought and received a temporary restraining order preventing the Village from suspending the issuance of building permits. Days later, Normand filed an amended petition seeking injunctive relief and/or writ of mandamus alleging the Village refused to issue the permits and was in violation of the temporary restraining order. On June 2, 2006, the Village answered and filed a reconventional demand and request for injunction alleging that Normand was not in compliance with local zoning and subdivision ordinances.

Normand continued construction on the Main Street project, and on June 6, 2006 the Village revoked the building permits. The trial court ultimately issued a preliminary injunction directed to Normand and permitting him to complete construction on the six homes and prohibited any other construction not in compliance with the zoning and subdivision regulations of the Village. Subsequently, Normand completed the six homes, but the Village refused to authorize permanent electrical service or to connect water and sewerage to the property.

On November 28, 2006, Normand filed a motion for contempt alleging the Village refused to comply with the terms of the preliminary injunction. Hearing on the matter was delayed while engineers for both parties sought an amicable resolution. The engineers submitted a proposal but the Village refused to sign on to the recommendation. A hearing was held, and the trial court found the Village in contempt of court for violation of its preliminary injunction and ordered the Village to provide water and sewer as recommended in the engineers' recommendation and to take the necessary action to provide permanent electrical service to the six homes.

The Village lodged this appeal.

## DISCUSSION

The Village contends the trial court erred in finding it in contempt for violation of the preliminary injunction. Despite vigorous argument by both parties on the merits of the zoning and permitting issues, the sole issue on appeal is the validity of the contempt judgment against the Village.

"Our Code of Civil Procedure provides that constructive contempt is wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court. La.Code Civ.P. art. 224." *McCorvey v. McCorvey*, 05-889, p. 6 (La.App. 3 Cir. 2/1/06), 922 So.2d 694, 698. "The trial court is vested with great discretion in

determining whether a party should be held in contempt for disobeying the court's order and its decision will only be reversed when the appellate court can discern an abuse of that discretion." *Id.* at 698.

In the present case, the preliminary injunction the Village is alleged to have violated provided:

> 1) Mac Normand is allowed to complete construction of all six homes which are the subject of Building Permits issued by the Village of Hessmer on January 11, 2006, conditioned upon their completion conforming to the type of home described on the permit that being "one story brick with metal roof";

> 2) Mac Normand, his agents and assigns, are enjoined, restrained and prohibited from any further construction on the tract of property at issue without full compliance with the zoning ordinances and/or subdivision requirements for the Village of Hessmer,

Louisiana Code of Civil Procedure Article 3605 provides that an order granting a preliminary injunction shall describe the action restrained in reasonable detail. A finding that a party is guilty of a constructive contempt of court requires that party acted in "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court. . . ." La.Code Civ.P. art. 224.

Upon review of the record, it is clear to us that the trial court believed the Village to be in contempt of what he intended for his order to prohibit. However, it is equally evident to us that the order on its face does not require the Village to provide electrical and sewer service to the homes. It does not specify what constitutes completion of construction. Moreover, the order is conditioned on Normand building as described. We note from the record that there is some question whether the houses constructed are actually brick homes. Finally, the order on its face is not directed to the Village but to Normand. Under these circumstances, we find that the court's use of its contempt power was an abuse of discretion. The record

3

fails to establish that the Village willfully disobeyed the trial court's preliminary injunction.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed. All costs of these proceedings are taxed to appellee, Mac Normand.

**REVERSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.